UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:23-CR-86 |
| | ) |
| MATTHEW A. BUGIELSKI | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Emily A. Morgan, Assistant United States Attorney, and submits its sentencing memorandum recommending that this Court sentence Matthew A. Bugielski to 360 months of imprisonment followed by 15 years of supervised release, restitution, a $100 special assessment, and forfeiture of an electronic device.

**I.   Introduction**

On April 10, 2024, Defendant pled guilty pursuant to a written plea agreement (DE 17) to Count One of a three-count Indictment, that being sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e).  The minimum term of imprisonment for Count One is 15 years and the maximum term is 30 years. 18 U.S.C. § 2251(a) and (e).  Pursuant to 18 U.S.C. § 3583(k),

1

the Court shall impose a term of supervised release of five years to life. This Court issued an Order adopting the Magistrate Judge's findings and recommendation regarding Defendant's change of plea, accepting Defendant's plea of guilty and found Defendant guilty of Count One (DE 24). Pursuant to the plea agreement, the parties agreed to a supervised release term of 15 years, a $100 special assessment, restitution, and forfeiture of an electronic device (DE 17). Under the terms of the plea agreement, the parties are free to argue for the sentence of imprisonment they deem appropriate, constrained by statute. As discussed in more detail below, a sentence of 360 months in the Bureau of Prisons (BOP), followed by 15 years of supervised release, restitution, a $100 special assessment, and forfeiture of an electronic device used to commit the crime, is an appropriate sentence in this case.

## II.  Factual Background

In August of 2023, investigators with the Indiana State Police (ISP) and the Internet Crimes Against Children (ICAC) task force received a priority one CyberTip from the National Center for Missing and Exploited Children (NCMEC) indicating a current or imminent risk to an individual (DE 46, ¶ 13). The initial CyberTip was linked to suspects in the northeast area of Indiana, who were connected to Defendant through Kik Messenger, a dating application called Hily, and direct text messaging (DE 46, ¶¶ 17-18, 37.x.). Defendant

2

participated in both individual and group chats in an effort to access, receive, and distribute child pornography, for sexual gratification purposes, often masturbating to the child pornography, both at his residence and while at work (DE 46, ¶ 34). Defendant was working as an HVAC installer and admitted masturbating at the homes of customers (*Id.*, ¶ 78).

Between June 2, 2023, and June 28, 2023, multiple images and videos containing CSAM were distributed between Defendant and "maybebaby7889" (*Id.*, ¶ 23). One of the CSAM images distributed by Defendant was an image he produced on June 19, 2023, of a three-year-old child nude from the waist down with her legs held up and vaginal region fully exposed (*Id.*, ¶ 24.a., 36, 37.j.). Defendant explained the image was produced and distributed by him in order for him to receive additional CSAM (*Id.*, ¶ 36). Further, Defendant admitted that he requested the female suspect from northeast Indiana send him images and/or videos of her sexually abusing a five-year old victim, adding that he liked images and/or videos that did not include the female suspect's husband (*Id.*, ¶ 35). In addition to the CSAM image Defendant produced and distributed on June 19, 2023, Defendant distributed a CSAM video on June 2, 2023, that was 10 seconds in length, depicting a pubescent minor female masturbating (*Id.*, ¶ 24.b.). Not only did Defendant produce and distribute CSAM, he also received several images and videos of CSAM and admitted to

3

masturbating to some of them (*Id.*, ¶¶ 37.l., 37.n., 37.o., 37.p., 37.q., 37.r., 37.v., 37.w.)  Further, in a text conversation with the female suspect from northeast Indiana, when the female said the five-year old victim was little, Defendant responded with, "I mean you can still do stuff." (*Id.*, ¶ 37.x.)

### III.  The Sentencing Guidelines

The Presentence Investigation Report (PSR) correctly calculated Defendant's United States Sentencing Guidelines (USSG) total offense level as 42.  The specific offense characteristics are readily supported by the factual basis contained within the plea agreement, elicited at Defendant's change of plea hearing.  A four-level enhancement applies because the offense involved a minor victim who had not attained the age of twelve years (D.E. 46, ¶¶ 24.a., 36, 37.j., 46).  Because Defendant knowingly engaged in distribution, a two-level enhancement applies (*Id.*, ¶¶ 23, 24, 34, 36, 37.f., 37.j., 47).  Further, a two-level enhancement applies under §2G2.1(b)(5) (*Id.*, ¶¶ 36, 37.j., 48).  A three-level reduction applies for Defendant's acceptance of responsibility (*Id.*, ¶¶ 1, 3.ii., 53, 54).  Lastly, a five-level enhancement applies because the offense of conviction is a covered sex crime, neither §4B1.1 or §4B1.5(a) applies, and Defendant engaged in a pattern of activity involving sexual conduct (*Id.*, ¶¶ 1, 24.b., 36, 37.f. 37.j., 55).

4

As was anticipated in the plea agreement (DE 17, ¶ 7e.ii.), Defendant objected to the application of a USSG five-level enhancement under §4B1.5(b) as contained in paragraph 55 of the PSR (DE 47, ¶ I.a.; DE 54). In both his objection to Probation (DE 47, ¶ 1.a.) and Sentencing Memorandum (DE 54), Defendant focuses on his receipt and possession of child pornography, but ignores that he distributed child pornography on a separate occasion from June 19, 2023. Defendant acknowledged this fact as part of his plea agreement (DE 17, ¶ 8.b.), and independent evidence supports it (DE 46, ¶ 24.b.). Further, the cases cited by Defendant in his Sentencing Memorandum (DE 54) are not factually consistent with Defendant's case, a case involving sexual exploitation of children as the offense of conviction and a covered sex crime under USSG §4B1.5(b), and stipulated facts in his plea agreement related to distribution of child pornography on a separate occasion.

Defendant cites *United States v. Shay* [sic], 493 Fed.Appx. 792 [(7th Cir. 2012)], a case in which Shea was convicted of blackmail, multiple counts of sexual exploitation of children, and sentenced to a total of 396 months in prison (*Id.* at 793), not 220 months (DE 54, p. 6). Shea's USSG total offense level was 52 and his advisory guideline range was life. 493 Fed.Appx. at 794. Appellate counsel's motion to withdraw under *Anders* was granted, dismissing the appeal, leaving Shea's conviction for sexual exploitation of children as a

5

covered sex crime under USSG §4B1.5(b)(1) and his sentence of 396 months in effect. *Id.* at 794 & 796.

Next Defendant cites *United States v. Porter*, 114F4 931 [sic] [see 114 F.4th 931 (7th Cir. 2924)], a case in which Porter pled guilty to production of child pornography, receipt of child pornography, and possession of child pornography, but as part of his plea agreement also admitted to six additional stipulated offenses of production of child pornography. *Id.* at 934. Porter's USSG total offense level was 43 and his advisory guideline range was life. *Id.* at 935. The government asked for 30 years, the statutory maximum for production of child pornography, and Porter requested 15 years, the statutory minimum for production; the district court sentenced Porter to 22 years' imprisonment, or 264 months (*Id.*), not 220 months (DE 54, p. 6). The Seventh Circuit affirmed the application of the five-level enhancement under USSG §4B1.5, that production of child pornography is a covered sex crime under USSG §4B1.5, and that the district court accurately calculated Porter's USSG total offense level. *Id.* at 938.

Defendant cites *United States v. Lunsford*, 214 Fed.Appx. 601 [(7th Cir. 2007)], a case where Lunsford was convicted of transporting and shipping child pornography in interstate commerce and sentenced to 420 months' imprisonment. *Id.* at 602. Due to his offense of conviction, the USSG applied

6

was §2G2.2 (*Id.*) rather than §2G2.1, as is applicable in Defendant's case. A five-level enhancement under §2G2.2(b)(5) was applied for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. *Id.* at 602-603. This case did not involve the five-level enhancement under USSG §4B1.5, as the offense of conviction was not a covered sex crime. The five-level enhancement under USSG §2G2.2 was affirmed as was Lunsford's sentence of 420 months' imprisonment. *Id.* at 605.

Next Defendant cites *United States v. Blum*, [534 F.3d 608 (7th Cir. 2008)], a case where Blum was convicted of two counts of manufacturing child pornography in violation of 18 U.S.C. § 2251(a) and sentenced to 60 years in prison. *Id.* at 609. The five-level enhancement under USSG §4B1.5(b) applied to Blum due to his admission to the sexual assault of three young girls in the summer of 2006, which is an offense described in 18 U.S.C. § 2426(b)(1)(A) or (B) which incorporates by reference 18 U.S.C. § 2241. *Id.* at 613.

> "Blum's argument that a conviction for that sexual abuse is required ignores the language of Application Note 4(A), which uses 18 U.S.C. § 2426(b)(1) as descriptive of conduct that is prohibited sexual conduct. *There is nothing in that definition that would indicate a requirement that the conduct resulted in a conviction. That conduct, not the repeated instances of the manufacture of child pornography, forms the basis for the pattern enhancement under U.S.S.G. §4B1.5(b)."* *Id.* (emphasis added).

7

Defendant cites *United States v. McLaughlin*, 760 F3rd [sic] 699 [(7th Cir. 2014)], where McLaughlin was convicted of one count of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) and as a result of the offense of conviction USSG § 2G2.2 applied. *Id.* at 701-702.  The offense of conviction is unrelated to Defendant's case and USSG §4B1.5 was not at issue; *McLaughlin* appears irrelevant to Defendant's case.

Next Defendant cites *United States v. Tennison*, 445 Fed.Appx. 876 [(7th Cir. 2011)], where Tennison was convicted of transporting child pornography and receiving child pornography, as a result USSG §2G2.2 was applied, including a five-level enhancement under USSG §2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor.  Tennison was sentenced to 336 months' imprisonment, 24 months below the low end of his guideline range. *Id.* at 876.  On appeal Tennison's counsel filed a motion to withdraw under *Anders*, which was granted, and the appeal dismissed, upholding the sentence. *Id.*at 878.  This case appears irrelevant to Defendant's objection to the five-level enhancement under USSG §4B1.5.

Defendant cites *United States v. Angle*, 598 F.3d 352 [(7th Cir. 2014)], a case in which Angle was convicted of possession of child pornography, attempted receipt of child pornography, and attempt to entice a minor to engage in sexually prohibited activity, and therefore USSG §2G2.2 applied,

8

including a five-level enhancement under USSG §2G2.2(b)(4) (1998) (current version at USSG §2G2.2(b)(5)). *Id*. at 357. After several appeals, Angle was sentenced to 300 months' imprisonment. *Id*. at 356. Under the 1998 version of the guidelines his imprisonment range was 97 to 121 months; under the 2006 guidelines his imprisonment range would have been 360 months to life. *Id*. at 356. Again, the offenses of conviction are unrelated to Defendant's case and USSG §4B1.5 was not at issue.

Lastly, Defendant cites *United States v. Rice*, 2023 WL 257,2215 [sic] [(7th Cir. 2023)], where Rice was convicted of enticing a minor, traveling with intent to engage in illicit sexual conduct, and sexually exploiting a minor, related to conduct that occurred over a few days. *Id.* at 1. Rice represented himself at sentencing, where the court adopted the PSR and applied a five-level enhancement for pattern of activity involving prohibited sexual conduct under USSG §4B1.5(b)(1). *Id*. On appeal the Seventh Circuit applied a plain error standard, and as a result did not disturb Rice's 50 year sentence. *Id*.at 1-2. Unlike *Rice*, Defendant engaged in sexual exploitation of children and distribution of child pornography on distinctly separate occasions, June 19, 2023, and June 2, 2023, as admitted by Defendant in the factual basis of his plea agreement.

9

Defendant's offense of conviction, sexual exploitation of children, is a covered sex crime under USSG §4B1.5(b), comment (n.2(ii)), which includes "chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense." Sexual exploitation of children under 18 U.S.C. § 2251, as charged in Count One, falls under Chapter 110 of Title 18 and is not trafficking in, receipt of, or possession of, child pornography and is not a recordkeeping offense. Second, "neither §4B1.1 nor subsection (a) of this guideline applies." USSG §4B1.15(b). Third, "defendant engaged in a pattern of activity involving prohibited sexual conduct." *Id.* Application Note 4(a) of USSG §4B1.5(b) defines "'prohibited sexual conduct' means any of the following: (i) *any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)*; (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography." (Emphasis added). What is not mentioned in that last sentence is *distribution of child pornography*. Title 18, United States Code, Section 2426(b)(1)(A) discusses offenses "under this chapter [chapter 117], chapter 109A, chapter 110, or section 1591."

10

Defendant's admitted distribution of child pornography as part of his plea agreement, is conduct under 18 U.S.C. § 2252A(a)(2)(A) (as charged in Count Two), which falls under Chapter 110 of Title 18 and is not receipt or possession of child pornography. Pattern of Activity involving prohibited sexual conduct for USSG §4B1.5(b) under Application Note 4(B) includes, "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." As previously discussed, Defendant made this admission as part of the factual basis of his plea agreement (DE 17, ¶¶ 8.a, 8.b.) and is supported by the evidence in this case (DE 46, ¶ 24.b.).

Defendant's total offense level for Count One under the USSG should be 42 and his criminal history category is I, resulting in an advisory range of 360 months to life (DE 46, ¶ 101). Because the statutory maximum penalty is 30 years, the guideline term of imprisonment is capped at 360 months, resulting in an advisory guideline imprisonment range of 360 months (*Id.*).

### IV.    The Sentencing Factors Under 18 U.S.C. § 3553(a)

The Court "in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that crimes such as [Defendant's] are serious offenses deserving serious sanctions." *United States v. Grigg*, 442 F.3d 560, 564-65 (7th Cir. 2006) (discussing possession of child pornography). Defendant's sentence must provide an accurate reflection of his sexual

exploitation of Minor Victim 1, as well as his encouragement of others to continually sexually assault and exploit a minor from northeast Indiana for his own sexual gratification. A sentence of 360 months followed by 15 years of supervised release is necessary, appropriate, and no harsher than necessary to accomplish the aims set forth in 18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offense Justify a Lengthy Sentence

The nature and circumstances of Defendant's crime and relevant conduct are troubling and merit substantial punishment. In the summer of 2023, Defendant utilized a dating app called Hily, Kik Messenger, and direct text messaging, to build an online relationship with an adult female from northeast Indiana and then used that relationship to sexually exploit a five-year-old minor from northeast Indiana as well as a three-year-old minor over whom he had control. Defendant went so far as to request additional images and videos of the minor child from northeast Indiana being sexually abused to satisfy his own desires, perpetuating the sexual abuse and exploitation of the minor victim (DE 46, ¶ 35). Ultimately, Defendant sexually exploited children by producing child pornography (Count One) (DE 46, ¶¶ 36 , 37.j.), distributed child pornography (DE 46, ¶¶ 23, 24.a., 24.b., 34, 36, 37.f., 37.j.) and received

12

child pornography (DE 46, ¶¶ 23, 24.c., 34, 35, 37.f., 37.l., 37.n., 37.o., 37.p., 37.q., 37.r., 37.v., 37.w.).

### B.  Defendant's History and Characteristics

Like the majority of child pornography production offenders, Defendant has no criminal history.  U.S. Sentencing Commission, Federal Sentencing of Child Pornography: Production Offenses, p. 18 (2021) ("More than 70 percent of child pornography production offenders were assigned to CHC I, the lowest category.  By contrast, fewer than half (44.2%) of all other federal offenders were assigned to CHC I.")  Defendant is the product of parents that separated when he was age 11, although he has maintained relationships with his mother and father (DE 46, ¶¶ 67, 75), he graduated from alternative high school (DE 46, ¶ 88), and was employed in the field of heating and cooling at the time of his arrest (DE 46, ¶ 91).  Notably, Defendant often masturbated to CSAM both at his own home and the homes of various customers whom he was completing work for as an HVAC Installer (DE 46, ¶¶ 34, 78, 123).  Further, the home where Defendant resided and had intended to reside following his incarceration is less than 1,000 feet from an elementary school, and approximately 1,375 feet from a township park department and from a park/playground (DE 46, ¶ 66).

13

## C. A Sentence of 210 Months Fails to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

Sex crimes against children are undisputedly serious. Defendant's commission of sexual exploitation of children is particularly egregious given that in addition to producing child pornography of Minor Victim 1, he distributed that child pornography to at least one other adult, he distributed additional CSAM to other adults in an effort to receive more CSAM for his own sexual gratification, he encouraged the continued sexual assault and sexual exploitation of at least one minor for him to receive additional CSAM, and he received CSAM from various adults online. A substantial sentence is necessary to punish Defendant for the harm he has caused multiple child victims. As the Supreme Court has explained, "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008).

## D. A Lengthy Sentence is Necessary to Deter Similar Criminal Conduct and to Protect the Public from Defendant

A sentence of 360 months will also send a clear message to sexual predators of the severe consequences for harming children in the worst possible way. Congress, the Supreme Court, and the Sentencing Commission find general deterrence to be an important factor when fashioning an appropriate

14

sentence. See e.g., *United States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007) ("The more difficult it is for a person to resist a desire for sexual contact with children, the more likely he is to recidivate, and this is an argument for a longer prison sentence. And on grounds of deterrence as well as incapacitation, for the stronger the impulse to commit a criminal act, the greater must be the threat of punishment in order to deter it."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("The greater concern under the Guidelines is for the welfare of these exploited children.") Beyond his sexual abuse of minors, Defendant appeared to have lost self-control of his sexual desires, as evidenced by his masturbating at the homes of customers where he was installing HVAC systems (DE 46, ¶ 78). A sentence of 360 months is the best assurance that Defendant will not sexually exploit children in the future.

## V. Restitution and Victim Impact Statement

As of the filing of this sentencing memorandum, the government has received one restitution request in an amount of $7,500. The government has sent a proposed Joint Stipulation Regarding Restitution to defense counsel and should an agreement be reached the Joint Stipulation will be filed in advance of the sentencing hearing. Additionally, two victim impact statements have been received and filed with the PSR. Should the government receive any

15

additional victim impact statements or restitution requests, the parties will be notified.

## VI. Forfeiture

Defendant's forfeiture of his rights to his electronic device is not contested. (D.E. 46, ¶ 7; D.E. 17, ¶ 7.h.) The Court entered the preliminary order of forfeiture on Defendant's Apple iPhone 11 on December 11, 2024. The government will file a motion for final order when the appropriate notice period ends.

## VII. Conclusion

For all the above reasons, the United States respectfully requests that the Court sentence Defendant to 360 months of imprisonment, followed by a supervised release term of 15 years, restitution, a $100 special assessment, and forfeiture of the Apple iPhone 11.

Respectfully Submitted,

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By:   */s/Emily A. Morgan*
Emily A. Morgan
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Telephone: (219) 937-5500
Fax: (219) 852-2770
Email: emily.morgan2@usdoj.gov